UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JUAN MARTINEZ                                    CIVIL ACTION

VERSUS                                              NO. 22-4271

CROSBY DREDGING, LLC                    SECTION "R" (4)

**<u>ORDER AND REASONS</u>**

Before the Court is defendant Crosby Dredging, LLC's unopposed motion for partial summary judgment.[1] For the following reasons, the Court grants the motion.

## I.      BACKGROUND

This case arises from injuries that plaintiff Juan Martinez allegedly suffered while working as a Dredge Field Engineer aboard a vessel owned and operated by defendant.[2] In August 2022, plaintiff allegedly was walking on an elevated walkway when it flipped over, knocking plaintiff to the ground and falling on top of him.[3] As a result, plaintiff allegedly suffered injuries to

---

[1]      R. Doc. 21.
[2]      R. Doc. 1 ¶ 6; R. Doc. 21-5.
[3]      R. Doc. 1 ¶ 6.

his legs, knees, and back.[4]   Plaintiff then filed this lawsuit alleging four claims: (1) negligence under the Jones Act, 46 U.S.C. § 30101; (2) negligence under general maritime law; (3) unseaworthiness under general maritime law; and (4) maintenance and cure under general maritime law.[5]   He also seeks attorneys' fees and compensatory and punitive damages arising out of defendant's denial or unreasonable delay of maintenance and cure.[6]

Plaintiff started to work for defendant at the end of June 2022.[7]   When he applied for the job, he completed and signed a pre-employment medical history questionnaire, in which he indicated that he has or previously had the following conditions: hearing problems, high blood pressure, diabetes, and an injury to his left shoulder.[8]   Plaintiff denied any history of "injured back/back pain," "injured leg," "back surgery/injury," "ruptured/herniated disc," "recurrent neck/back pain," "any other disease/surgery," and "MRI."[9] Plaintiff stated that he understood he was to answer this questionnaire truthfully and honestly.[10]

---

[4]   *Id.*
[5]   *Id.* ¶¶ 6-17.
[6]   *Id.* at 3-4.
[7]   R. Doc. 21-3 at 14.
[8]   R. Doc. 21-4.
[9]   *Id.*
[10]   R. Doc. 21-3 at 11-12.

Plaintiff later admitted to several undisclosed injuries that occurred before his employment with defendant.  Specifically, plaintiff stated that he suffered an earlier workplace injury that caused him to undergo surgery on his right knee to repair a torn meniscus.[11]  He also admitted that he claimed previous injuries to his finger, low back, and rib cage when he was hit by a car and carried six feet on the hood in 2021.[12]  Plaintiff confirmed that he was also involved in a 2018 car accident,[13] after which he received chiropractic treatment for "severe" pain in his neck, low back, and mid back.[14]  Additionally, plaintiff stated that he was treated for neuropathy and low-back pain for at least three years beginning in 2013.[15]  Further, plaintiff's medical records indicate that he received two MRIs of his lumbar spine, the first in October 2013, which found "posterior disc protrusions,"[16] and the second in November 2018, which found "bilateral foraminal disc bulges."[17]

Because plaintiff failed to report any of these conditions on his pre-employment medical questionnaire, defendant contends that it is entitled to summary judgment on his maintenance and cure claims under *McCorpen v.*

---

[11]   *Id.* at 8.
[12]   *Id.* at 18-20.
[13]   *Id.* at 21.
[14]   *Id.* at 22; R. Doc. 21-6.
[15]   R. Doc. 21-3 at 6.
[16]   R. Doc. 21-7.
[17]   R. Doc. 21-8.

*Central Gulf Steamship Corp.*, 396 F.2d 547 (5th Cir. 1968).  Plaintiff does not oppose the motion.

The Court considers the motion below.

## II.   LEGAL STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam).  "When assessing whether a dispute to any material fact exists, [the Court] consider[s] all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence."  *Delta & Pine Land Co. v. Nationwide Agribusiness Ins.*, 530 F.3d 395, 398-99 (5th Cir. 2008) (first citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); and then citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).  All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."  *Galindo v. Precision Am. Corp.*, 754 F.2d

4

1212, 1216 (5th Cir. 1985) (quoting 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2738 (2d ed. 1983)); *see also Little*, 37 F.3d at 1075 (noting that the moving party's "burden is not satisfied with 'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence" (citations omitted)). "No genuine dispute of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party must put forth evidence that would "entitle it to a directed verdict if the evidence went uncontroverted at trial." *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991) (quoting *Golden Rule Ins. v. Lease*, 755 F. Supp. 948, 951 (D. Colo. 1991) (internal quotation marks omitted)). "[T]he nonmoving party can defeat the motion" by either countering with evidence sufficient to demonstrate the "existence of a genuine dispute of material fact," or by "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by

pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings but must identify specific facts that establish a genuine issue for resolution. *See, e.g., id.*; *Little*, 37 F.3d at 1075 ("Rule 56 'mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" (quoting *Celotex*, 477 U.S. at 322)).

In the Fifth Circuit, a district court may not grant a "default" summary judgment on the ground that it is unopposed. *Morgan v. Fed. Express Corp.*, 114 F. Supp. 3d 434, 437 (S.D. Tex. 2015) (collecting cases). Even in the context of unopposed motions for summary judgment, the movant must show that there is no genuine issue of material fact, and that it is entitled to summary judgment as a matter of law. *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 n.3 (5th Cir. 1995) (quoting *Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985)). If the moving party fails to meet its burden, the Court must deny its

motion for summary judgment. *Id.* In determining whether the movant has met its burden, the Court may accept its evidence as undisputed. *Morgan*, 114 F. Supp. 3d at 437 (quoting *UNUM Life Ins. Co. of Am. v. Long*, 227 F. Supp. 2d 609 (N.D. Tex. 2002)).

## III.   DISCUSSION

Seamen have a right to maintenance and cure for injuries that they suffer in the course of their service on a vessel, regardless of whether the shipowner was at fault or the vessel was unseaworthy. *See O'Donnell v. Great Lakes Dredge & Dock Co.*, 318 U.S. 36, 41-43 (1943). "Maintenance" is the right of a seaman to food and lodging if he becomes injured while fulfilling his duties to the ship. *See Atl. Sounding Co. v. Townsend*, 557 U.S. 404, 413 (2009). "Cure" is the right to necessary medical services. *Id.* To recover maintenance and cure, plaintiff must prove the following facts: (1) he was working as a seaman; (2) he became ill or was injured while in the vessel's service; and (3) he lost wages or incurred expenses stemming from treatment of the illness or injury. Thomas J. Schoenbaum, 1 *Admiralty & Maritime Law* § 6:28 (6th ed. 2022).

Maintenance and cure may be awarded "even where the seaman has suffered from an illness pre-existing his employment." *McCorpen*, 396 F.2d

at 548.  But as a "general principle," the benefits "will be denied where he knowingly or fraudulently conceals his illness from the shipowner."  *Id.*; *see also Jauch v. Nautical Servs., Inc.*, 470 F.3d 207, 212 (5th Cir. 2006) ("A seaman may recover maintenance and cure even for injuries or illnesses pre-existing the seaman's employment unless that seaman knowingly or fraudulently concealed his condition from the vessel owner at the time he was employed.").  Specifically, if the shipowner requires a prospective seaman to undergo a pre-hiring medical evaluation, and the seaman either intentionally misrepresents or conceals material medical facts, then the seaman is not entitled to an award of maintenance and cure.  *See McCorpen*, 396 F.2d at 549.  For a shipowner or an employer to deny a seaman's maintenance and cure claim under *McCorpen*, the employer must establish that: (1) the seaman intentionally misrepresented or concealed medical facts; (2) the misrepresented or concealed facts were material to the employer's hiring decision; and (3) there exists a causal link between the pre-existing disability that was concealed and the disability suffered during the voyage.  *Id.*; *see also Brown v. Parker Offshore Drilling*, 410 F.3d 166, 171 (5th Cir. 2005) (finding the *McCorpen* defense established).

8

Here, it is undisputed that defendant paid plaintiff maintenance from the date he ceased working.[18]  But plaintiff has since made written demand on defendant for cure to cover the costs of surgery to his right knee and an anterior lumbar interbody fusion surgery.[19]  Defendant argues that plaintiff's failure to disclose his earlier injuries and medical history entitles it to deny cure under *McCorpen*.[20]  For the reasons that follow, the Court finds that defendant has proved all three components of the *McCorpen* defense, and plaintiff has failed to create an issue of material fact on any of those elements.

## A.    Concealment

Plaintiff intentionally concealed or misrepresented medical facts when he stated in his medical history questionnaire that he had never experienced any back pain or injuries, leg injuries, back injuries, herniated discs, or recurrent neck or back pain, and that he never had an MRI or other surgery. The Fifth Circuit has held that intentional concealment does not require a finding of subjective intent.  *Brown*, 410 F.3d at 174; *Meche v. Doucet*, 777 F.3d 237, 247 (5th Cir. 2015).  Rather, a prospective employee's "[f]ailure to disclose medical information in an interview or questionnaire that is

---

[18]     R. Doc. 21-1 ¶ 14; R. Doc. 21-3 at 23.
[19]     R. Docs. 21-9 & 21-10.
[20]     R. Doc. 21-2 at 8.

obviously designed to elicit such information . . . satisfies the intentional concealment requirement." *Brown*, 410 F.3d at 174 (quoting *Vitcovich v. Ocean Rover O.N.*, No. 94-35047, 1997 WL 21205, at *3 (9th Cir. Jan. 14, 1997) (internal quotation marks omitted)).  Here, plaintiff testified about three injuries and continued medical treatment for back and neck pain, all of which occurred before he applied to work for defendant.  It is undisputed that plaintiff was aware of these preexisting conditions at the time of his application.

In his questionnaire, plaintiff falsely states that he had not previously suffered injuries or pain in his back, legs, or neck, had no history of herniated discs, and never had an MRI or other surgery.[21]  Plaintiff signed the questionnaire, which specified that his "failure to answer truthfully will result in immediate termination and . . . forfeiture of maintenance and care."[22]  Because plaintiff "'knew that the information on the application was not correct,' [he] intentionally concealed his prior injuries as a matter of law." *Meche*, 777 F.3d at 248 (quoting *Caulfield v. Kathryn Rae Towing*, No. 88-5329, 1989 WL 121586, at *2 (E.D. La. June 6, 1989)).

---

[21]    R. Doc. 21-4.

[22]    *Id.*

The Court recognizes that the failure of a seaman to disclose his medical history on the pre-employment questionnaire "does not necessarily amount to intentional concealment when [he] lacks the requisite literacy skills to understand and complete the questionnaire." *Id.* (collecting cases). But plaintiff testified that he understood, when filling out the questionnaire, that he was being asked about certain health conditions and further understood that he was to answer truthfully.[23] And plaintiff does not dispute that he had the requisite literacy to understand the questions on the form. The Court thus finds that defendant has carried its burden of proving concealment.

### B.    Materiality

The second element of the *McCorpen* defense requires defendant to prove that the concealed or misrepresented facts were material to its decision to hire plaintiff.  If an employer asks a specific medical question on an application, and the inquiry is rationally related to the applicant's physical ability to perform his job duties, the information is material for the purpose of the *McCorpen* analysis.  *Brown*, 410 F.3d at 175; *see also McCorpen*, 396 F.2d at 549 ("[W]here the shipowner requires a seaman to submit to a pre-

---

[23]     R. Docs. 21-3 & 21-4 ¶¶ 5, 7.

11

hiring medical examination or interview and the seaman intentionally misrepresents or conceals material medical facts, the disclosure of which is plainly desired, then he is not entitled to an award of maintenance and cure."). If plaintiff's disclosure of his previous injuries "would have either prevented his employment, or at least delayed it, preventing his having been present . . . at the time of the accident," his nondisclosure is deemed to be material. *Jauch*, 470 F.3d at 212-13.

In support of the materiality element, defendant refers to the job description for the Dredge Field Engineer position that plaintiff ultimately filled. This description states that the job involves a "heavy" physical demand level, requiring the employee to "occasionally lift 51-100 pounds, frequently lift 26-50 pounds and constantly lift 11-25 pounds."[24] It is apparent that an applicant's history of back injuries and treatment, knee surgery, and back and leg pain would be rationally related to his physical ability to perform the duties of this heavy-labor job. *See Brown*, 410 F.3d at 175 (finding that a plaintiff's history of back injuries was "the exact type of information sought by employers" for a heavy-labor position). And it is undisputed that the purpose of the questionnaire was for defendant to discover which conditions plaintiff may have had before hiring him as a

---

[24]     R. Doc. 21-5.

Dredge Field Engineer.[25]  Defendant's inquiry as to these injuries are thus material to its decision to hire plaintiff for this position.  *See id.* (finding materiality where employer "based its hiring decision (at least, in part) upon whether applicants had [preexisting back and neck injuries], not whether they could, on the date of their application, complete difficult manual labor tasks").

### C.   Causal Link

Finally, to succeed on its *McCorpen* defense, defendant must show "a causal link between the pre-existing disability that was concealed and the disability incurred during the voyage."  *Id.* at 176 (quoting *Quiming v. Int'l Pac. Enters., Ltd.*, 773 F. Supp. 230, 236 (D. Haw. 1990) (internal quotation marks omitted)).  The relevant inquiry is "not a causation analysis in the ordinary sense," and the defendant "need not submit any proof that the plaintiff's omission caused the injury."  *Johnson v. Cenac Towing, Inc.*, 599 F. Supp. 2d 721, 728 (E.D. La. 2009); *see also Brown*, 410 F.3d at 176 ("[Defendant] need not prove that the prior injuries are the sole causes of the [new injury].").  "Rather, the *McCorpen* defense will succeed if the defendant can prove that the old injury and the new injury affected the same body

---

[25]      R. Doc. 21-1 ¶ 5.

part[,] . . . irrespective of their root causes." *Johnson*, 599 F. Supp. 2d at 728-29 (collecting cases); *see also Weatherford v. Nabors Offshore Corp.*, No. 03-478, 2004 WL 414948, at *7 (E.D. La. Mar. 3, 2004) (finding "an obvious causal connection" between plaintiff's old low-back injury and his new injury affecting "the same region he previously injured"). Indeed, "[t]here is no requirement that a present injury be identical to a previous injury." *Brown*, 410 F.3d at 176 (quoting *Quiming*, 773 F. Supp. at 236 (internal quotation marks omitted)).

Here, plaintiff seeks cure for two surgical procedures. The first is for a right knee arthroplasty.[26] The uncontested evidence establishes that plaintiff previously underwent surgery on this same knee to repair a torn meniscus.[27] The second procedure is an anterior lumbar interbody fusion at the L4-5 spinal level—the same level where the 2013 MRI found a posterior disc protrusion.[28] The evidence further indicates that plaintiff injured his low back in two accidents in 2018 and 2021, and received ongoing treatment for chronic low-back pain beginning in 2013.[29] Because plaintiff's newly alleged injuries are to the same areas of his body as the earlier ones, defendant has

---

[26]   R. Doc. 21-9.

[27]   *Id.* at 8.

[28]   R. Doc. 21-8.

[29]   R. Doc. 21-3 at 6, 18-22; R. Doc. 21-6.

established the requisite causal connection and satisfied the third element of the *McCorpen* defense.  *See Johnson*, 599 F. Supp. 2d at 728-29.

Accordingly, because the Court has found as a matter of law that defendant has carried its burden of proving all three elements of the *McCorpen* defense, plaintiff may not recover cure for the knee and lumbar surgeries.

## IV.  CONCLUSION

For the foregoing reasons, defendant's motion for partial summary judgment is GRANTED.  Plaintiff's claims for cure are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this  14th   day of August, 2023.

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE